Steven S. Tervooren, Alaska Bar No. #7910085
HUGHES WHITE COLBO
WILCOX & TERVOOREN, LLC
1029 West 3rd Avenue, Suite 110
Anchorage, Alaska, 99501
Phone No.: 907-274-7522
Fax No.: 907-263-8320
Email: stervooren@hugheswhite.net

Attorneys for Defendant
Smith & Nephew, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

| | |
|---|---|
| GARFIELD JENKINS,<br><br>                        Plaintiffs,<br><br>vs.<br><br>SMITH & NEPHEW, PLC,<br>A.K.A. SMITH & NEPHEW, INC.,<br><br>                        Defendant. | **NOTICE OF REMOVAL**<br><br><br>Case No.: 3:21-cv-00001-TMB |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Smith & Nephew, Inc. ("S&N")[1] respectfully submits this Notice of Removal of *Garfield Jenkins v. Smith &*

---

[1] Plaintiff's Amended Complaint names "Smith & Nephew, PLC A.K.A. Smith & Nephew, Inc." Smith & Nephew, plc is a holding company and has never engaged in the designing, manufacturing, researching, testing, quality assurance, quality control, and/or labeling of any S&N

1

*Nephew, PLC A.K.A. Smith & Nephew, Inc.*, which is pending in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3-AN-20-06660 on the docket of said Court, to the United States District Court for the District of Alaska. This Court has original jurisdiction under 28 U.S.C. §§ 1332(a) and 1441, *et seq*. Complete diversity of citizenship exists between the properly joined parties, and it is facially evident from the Amended Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## I. PROCEDURAL BACKGROUND

1. On or about June 18, 2020, Plaintiff, Garfield Jenkins ("Plaintiff"), filed an action styled *Garfield Jenkins v. Smith & Nephew, PLC* in the Superior Court for the State of Alaska, Third Judicial District at Anchorage. On or about November 16, 2020, Plaintiff filed an Amended Complaint styled *Garfield Jenkins v. Smith & Nephew, PLC A.K.A Smith & Nephew, Inc.* in the same Court. True and correct copies of both the Complaint and Amended Complaint are attached hereto as Exhibit 1.

## II. DOCUMENTS FILED WITH REMOVAL

2. As noted previously, copies of the Complaint and Amended Complaint are attached hereto as Exhibit 1.

3. A copy of the original Summons and service of process transmittal sheet to Smith & Nephew, Inc. ("S&N") is attached hereto as Exhibit 2.

---

devices. Smith & Nephew, Inc. is the proper named defendant and this Notice of Removal is being filed on its behalf.

### III. THE REMOVAL IS TIMELY

4.     Smith & Nephew, Inc. was served with the Complaint and Amended Complaint on December 3, 2020. *See* Exhibit 2. Accordingly, this notice of removal is filed within 30 days of service of the initial pleading on S&N. *See* 28 U.S.C. § 1446(b). The removal is being filed within one year of the date on which Plaintiff filed his lawsuit. 28 U.S.C. §1441(c)(1). No previous application for removal has been made. Accordingly, removal of this action is timely.

### IV. AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

5.     Plaintiff filed this action in the Superior Court for the State of Alaska, which constitutes a judicial admission that the matter seeks damages of at least $100,000, thereby falling within that Court's jurisdiction. See AS 22.10.020(a) (an action falling within the concurrent jurisdiction of the Superior Court and District Court may not be filed in Superior Court); AS 22.15.030(a)(1),(b) (District Court has jurisdiction in matters seeking damages not in excess of $100,000).

6.     A defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 576 (9th Cir. 1992). If the amount in controversy is not clear from the face of the Complaint, the Court may consider facts in the removal petition and may require the parties to submit "summary judgment type" evidence (such as affidavits or declarations) relevant to the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

7. It is facially evident from Plaintiff's Amended Complaint that the amount in controversy exceeds $75,000. Plaintiff alleges the following injuries and/or damages, which satisfy the amount in controversy:

    a. Plaintiff alleges "burning sensations, pain, discomfort, deteriorating health, mental fuzziness, significant malaise, instability, lack of balance, and other serious neurologic deficits." Ex. 1, Amended Complaint, ¶7.

    b. Plaintiff alleges that he was "poisoned" by his S&N implant. Ex. 1, Amended Complaint, ¶9.

    c. He also alleges that he had to undergo a hip revision surgery in or around July 2018. Ex. 1, Amended Complaint, ¶¶ 10, 13.

8. It is further established that the amount-in-controversy requirement in this matter is met in light of the fact that numerous cases involving nearly identical injuries are currently pending in federal court on diversity grounds. The Judicial Panel on Multidistrict Litigation has established a multidistrict litigation in the District of Maryland to handle products liability cases involving BHR devices of the type at issue in this case. *See In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Products Liability Litigation*, MDL No. 2775 (D. Md.). Transfer Order *available at* https://ecf.jpml.uscourts.gov/doc1/8501819277. Because these products liability suits typically do not implicate federal questions, the suits are in federal court based on diversity jurisdiction. Thus, federal courts around the country have concluded that the amount in controversy in cases similar to the one at bar exceeds $75,000.

9. Moreover, other federal courts have concluded that the amount in controversy exceeded $75,000 in similar cases involving injuries related to the use of allegedly defective hip implants. In *Milter v. Wright Med. Group, Inc.*, No. 11-cv-1153, 2011 WL 4360024, *3 (E.D. Mich. Sept. 19, 2011), the Court held that the amount in controversy had been satisfied where plaintiff claimed injuries resulting from an allegedly defective hip implant which led to a revision surgery, hospitalization, severe lytic lesions in the femur area where the device had been implanted, and premature loosening around the proximal femur. *Id.* Plaintiff claimed that the corrosion of the metal components in the device allegedly resulted in the presence of "extremely elevated levels of toxic metals" in his blood, resulting in disability, medical expenses, lost wages and "much physical and mental pain and suffering." *Id.*; *see also Bloodsworth v. Smith & Nephew*, No. 2:05CV622-D, 2005 WL 3470337, *2 (M.D. Ala. Dec. 19, 2005) (in hip implant product liability case, plaintiff did not dispute that the amount in controversy exceeded $75,000); *Askew v. DC Med., LLC*, No. 1:11-CV-1245-WSD, 2011 WL 1811433, *3 (N.D. Ga. May 12, 2011) (plaintiff did not dispute that the amount in controversy in hip implant product liability action exceeded $75,000); *Oiler v. Biomet Orthopedics, Inc.*, No. CIV.A. 02-37778, 2003 WL22174285, *1, at n.8 (E.D. La. Sept. 17, 2003) (denying remand in a hip implant product liability case where defendants had successfully argued that "it was facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs").

10. Based on the foregoing, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et seq.* because 1) this is

5

Case 3:21-cv-00001-TMB   Document 1   Filed 01/04/21   Page 5 of 10

a civil action pending within the jurisdiction of this Court; 2) this action is between citizens of different states; and 3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### V.  THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332 – DIVERSITY OF CITIZENSHIP

11. Removal under 28 U.S.C. § 1441 is appropriate because this is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and the proper Defendant, Smith & Nephew, Inc. *See* 28 U.S.C. §§ 1332, 1441.

12. The United States District Court for the District of Alaska includes the District in which the state court action is now pending. 28 U.S.C. § 104(a)(3). Thus, removal to this Court is appropriate. 28 U.S.C. § 1446(a).

**A.  Lawsuit Background and Plaintiff's Allegations**

13. This lawsuit stems from Garfield Jenkins' left hip replacement surgery on March 9, 2009. Ex. 1, Amended Complaint, ¶4. Based on the allegations of the Amended Complaint, it appears that Mr. Jenkins was implanted with Birmingham Hip Resurfacing ("BHR") femoral and acetabular components. Ex. 1, Amended Complaint, ¶5.

14. Plaintiff claims injuries arising from use of the S&N components in his March 9, 2009 surgery, claiming the components were defective in manufacture and design. Ex. 1, Amended Complaint, ¶¶ 14-16. Plaintiff also claims that S&N failed to

properly warn of the unreasonable risks and side effects of the BHR. S&N denies these allegations.

B. **Diversity of Citizenship Exists**

15. On information and belief, Plaintiff is a citizen of Alaska for purposes of this Court's diversity jurisdiction. Ex. 1, Amended Complaint at ¶1; 28 U.S.C. § 1332(c)(1).

16. S&N is, and at the time this action was commenced was, a corporation organized under the laws of the state of Delaware. Its principal place of business is, and at the time this action was commenced was, in Tennessee. S&N is therefore a citizen of Delaware and Tennessee for the purposes of this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

17. As set forth in footnote 1, Smith & Nephew, plc appears to be improperly named in this litigation and its citizenship should not be considered for jurisdictional purposes. However, out of an abundance of caution, S&N states that Smith & Nephew, plc is a company organized and existing under the laws of England and Wales with its principal place of business in London, England. Thus, even if its citizenship were considered, it would not destroy diversity because Smith & Nephew, plc is a citizen of England and Wales. *See* 28 U.S.C. § 1332(c)(1).

18. Accordingly, diversity of citizenship exists between Plaintiff and S&N.

VI. **REMOVAL JURISDICTION**

19. In light of the foregoing, this action involves a controversy wholly between citizens of different states and the value of the matter in dispute exceeds $75,000.00, exclusive of interest and costs. Accordingly, the Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and removal is proper.

## VII. CONSENT TO REMOVAL

20. The only properly named Defendant, Smith & Nephew, Inc., is filing this removal. Smith & Nephew, plc appears to be improperly named in Plaintiff's Amended Complaint. Moreover, Smith & Nephew, plc has not yet been served and need not join in or consent to this removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 540 (1939) ("Where there is a non-separable controversy with respect to several non-resident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared.").

## VIII. FILING OF REMOVAL PAPERS

21. A copy of this Notice of Removal is being served on Plaintiff's counsel and filed with the Superior Court for the State of Alaska, Third Judicial District at Anchorage, pursuant to 28 U.S.C. § 1446(d).

## IX. PRESERVATION OF RIGHTS

22. By removing this action to this Court, S&N does not waive any defenses, objections, or motions available to it under state or federal law. S&N expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

23. If any question arises as to the propriety of this removal, S&N requests the opportunity to conduct discovery or briefing as to any disputed issues and to present oral argument in support of its position that this action is properly removable.

WHEREFORE, Smith & Nephew, Inc. hereby removes the above-captioned action from the Superior Court for the State of Alaska, Third Judicial District at Anchorage to the United States District Court for the District of Alaska.

Respectfully submitted,

HUGHES WHITE COLBO
WILCOX & TERVOOREN, LLC
Counsel for Defendant
Smith & Nephew, Inc.

By: /s/Steven S. Tervooren
Steven S. Tervooren (ABA 7910085)
1029 W. Third Avenue, Suite 110
Anchorage, AK 99501

and

Kim E. Moore (La. Bar No. 18653)
David W. O'Quinn (La. Bar No. 18366)
Camala E. Capodice (La. Bar No. 29117)
IRWIN FRITCHIE URQUHART & MOORE, LLC
400 Poydras Street, 27th Floor
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
kemoore@irwinllc.com
doquinn@irwinllc.com
ccapodice@irwinllc.com

**ATTORNEYS FOR DEFENDANTS SMITH & NEPHEW, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2021, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ *Steven S. Tervooren*